

# THE ATTORNEY GENERAL
# OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

December 9, 1971

Honorable Logan Wood, Jr.
Chairman
Texas Board of Athletic Trainers
2020 Mangum
Houston, Texas 77018

Opinion No. M-1012

Re: Questions relating to quali-
fication and practice under
authority of the Texas
Board of Athletic Trainers
(H.B. 602, Acts 62nd Leg.,
R.S. 1971, ch. 498, p. 1722,
codified as Art. 4512d, V.C.S.).

Dear Mr. Wood:

In your letter requesting an opinion from this office, you
ask us to construe the provisions of Article 4512d, Vernon's
Civil Statutes (H.B. 602, Acts 62nd Leg., R.S., 1971, ch. 498,
p. 1722) in answering the following questions:

1. Is an athletic coach authorized to
utilize physical modalities such as ultra-
sound, diathermy, whirlpool, or similar de-
vices on athletes?

2. What legal steps may be taken against
a person who holds himself out as an athletic
trainer or performs for compensation activities
of an athletic trainer without first obtaining
a license?

-4937-

3.    May a member of the Texas Board of
Athletic Trainers also serve with or without
pay as the executive secretary to the Board.

We will answer your questions in the order they are submitted.

1.    The Texas Board of Athletic Trainers was created by
the provisions of House Bill 602, Acts 62nd Legislature, Regular
Session, 1971, chapter 498, page 1722, codified as Article 4512d,
Vernon's Civil Statutes.  Section 8 of the Act provides that:

"Sec.8.  No person may hold himself out
as an athletic trainer or perform, for compensa-
tion, any of the activities of an athletic
trainer as defined in this Act without first
obtaining a license under this Act."

Section 17 of the Act provides that Section 8 shall become
effective on January 1, 1972.  Section 1(1) of the Act defines
"athletic trainer" as follows:

"(1) 'Athletic Trainer' means a person
with specific qualifications, as set forth in
Section 9 of this Act, who, upon the advice
and consent of his team physician carries out
the practice of prevention and/or physical
rehabilitation of injuries incurred by ath-
letes.  To carry out these functions the
Athletic trainer is authorized to use physical
modalities such as heat, light, sound, cold,
electricity, or mechanical devices related
to rehabilitation and treatment."

Section 1(4) of the Act exempts certain classes of persons
from the provisions of the Act.  Although athletic coaches are not
expressly exempted by the provisions of Section 1(4) from the
licensing provisions of the Act, it is our opinion that those
persons who do not hold themselves out to the public as athletic

trainers and whose profession or occupation is that of an athletic coach and who are not compensated to perform the activities of an "athletic trainer" are exempted from the provisions of House Bill 602 and may use physical modalities on athletes as a necessary activity in the performance of their duties as an athletic coach.

2.   On January 1, 1972, and thereafter, anyone who holds himself out as an athletic trainer or performs for compensation any of the activities of an athletic trainer, without first obtaining a license under the Act, may be prosecuted under the provisions of Section 15.   Section 15 of the Act provides that:

"Sec. 15.  Any person who violates a provision of this Act is guilty of a misdemeanor and on conviction is punishable by a fine of not less than Twenty-five ($25) or more than Two Hundred ($200) Dollars."

Since the maximum penalty for those who violate the provisions of House Bill 602 is by a fine of not more than Two Hundred ($200) Dollars, a Justice Court in the county in which the violation occurred would have jurisdiction of the offense.   Article V, Section 19, Texas Constitution.   In this regard, a county or district attorney or any other interested citizen of the county in which the violation occurred who has information regarding the violation of any of the provisions of the Act may file a complaint against the violator in the Justice Court.

3.   Section 3 of the Act provides for the organization of the Board and includes a Chairman, Vice-Chairman, Secretary-Treasurer and such committees as the Board deems necessary. Such organization does not include an executive secretary. Subdivision (d) of Section 5 of the Act authorizes the Board to employ an executive secretary and other persons necessary to carry out the provisions of the Act.   Therefore, it is our opinion that it was not the legislative intent to authorize a Board member to also be an employee of the Board in the position of executive secretary.   You are accordingly advised that a Board member may not be employed as an executive secretary.

### S U M M A R Y

Those persons who do not hold themselves out to the public as athletic trainers and whose profession or occupation is that of an athletic coach and who are not compensated to perform the activities of an "athletic trainer" are exempted from the provisions of H.B. 602, Acts 62nd Leg., R.S., 1971 and may use physical modalities on athletes as a necessary activity in the performance of their duties of an athletic coach.

Since the maximum penalty for those who violate the provisions of H.B. 602 is by a fine of not more than Two Hundred ($200) Dollars, a Justice Court in the county in which the violation occurred would have jurisdiction of the offense. Article V, Section 18, Texas Constitution. In this regard a county or district attorney or any other interested citizen of the county in which the violation occurred who has information regarding the violation of any of the provisions of the Act may file a complaint against the violator in the Justice Court.

A member of the Texas Board of Athletic Trainers may not be employed by the Board in the position of executive secretary of the Board.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Ivan R. Williams, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Austin Bray
Sally Phillips
Linward Shivers
Wardlaw Lane

SAM McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant